VÁZQUEZ, PLAINTIFF AND APPELLANT, *v.* LAINO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 1312.—Decided November 19, 1915.

PROMISSORY NOTE—COMMERCIAL INSTRUMENT.—The presumption is that promissory notes made payable to order are commercial instruments arising from commercial transactions in the absence of proof to the contrary.

ID.—COMMERCIAL TRANSACTION—PARTNERSHIP RIGHTS AND INTERESTS—PRESCRIPTION.—The purchase by one partner of the rights and interests in the firm of the other partners is not a commercial transaction within the meaning of article 2 of the Code of Commerce and an action on promissory notes given in payment of the purchase price is not subject to the limitation of three years prescribed by article 950 of the said code.

The facts are stated in the opinion.

*Mr. Fernando Vázquez* for the appellant.

*Mr. Carlos Travecier* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In December, 1914, the District Court of Humacao rendered judgment dismissing an action brought on a promissory note upon facts and for the reasons stated in an opinion separately filed, as follows:

"This action for the collection of money originated in the Municipal Court of Humacao where a complaint was filed by Nicolasa Vázquez in the name of her minor children against Eugenio Laíno, the following being the material allegations of the complaint: That Julio Sandoz, father of the minor children in whose behalf Nicolasa Vázquez appears, died in this city, having designated as his sole and universal heirs the minors Angelina, Luis, Alicia, Ana María and Pablo Vázquez; that by public instrument executed in this city on September 12, 1906, Julio Sandoz, Jesús Domínguez and Eugenio Laíno constituted a general partnership for the term of two years for the manufacture, purchase and sale of liquors, they being managing partners of said firm styled 'Humacao Liquor Company'; that by a subsequent deed the said firm was dissolved, the partner Eugenio Laíno remaining in charge of the assets, he having purchased the rights acquired in said firm by the other partners, Jesús Domínguez and Julio Sandoz; that the purchase by Laíno from Julio Sandoz of said rights and actions was for the sum of $1,100; that Laíno paid him in two obligations for $550 each, one payable on the 1st of April and the other in October, 1908; that Eugenio Laíno paid several sums on account to Julio Sandoz to be credited to his debt, amounting to the sum of $793.49, and is still owing the sum of $328.71; that the plaintiffs are now the owners of the said balance of $328.71 as heirs of Julio Sandoz; that the defendant, in answering the complaint, admitted certain facts and denied others, alleging as new matter of defense that the action brought is barred according to section 950 of the Code of Commerce. A day was set for the hearing of this case, the parties having appeared through their respective counsel, and after announcing that they were ready for trial the court proceeded to hear the evidence introduced by the plaintiffs, and as soon as said plaintiffs rested, the attorney for the opposite party filed a demurrer to the evidence of the plaintiffs by means of motion for nonsuit, praying the court to render judgment dismissing the complaint, inasmuch as it appears from the evidence of the plaintiffs that they have no cause of action. The point of law raised in the motion for nonsuit was submitted to the court by written briefs, the court having postponed its decision until this date. The

allegation of defendant supporting his motion for nonsuit is that this action for the collection of money necessarily must be controlled by the Code of Commerce, inasmuch as the contracting parties were merchants and the documents making the basis of this claim originated in a commercial transaction. That most certainly such is the principle contained in section 2 of the Code of Commerce, which provides that commercial transactions, be they executed by merchants or not, shall be governed by the provisions of the Code of Commerce. It appears from the evidence introduced by the plaintiffs, as well as from their allegations, that the promissory notes which served as the basis of the action which is now brought for the collection of money originated from commercial transactions, as they were executed by one of the partners in favor of the other members of the firm to answer for the payment of the rights and actions acquired by defendant Laíno from the said partners of the Humacao Liquor Company. Therefore there can be no doubt that this action must be governed by the provisions of the Code of Commerce. Now, let us see whether the action brought is prescribed as alleged by defendant's counsel. It appears from the complaint that defendant Laíno executed in favor of the plaintiffs two promissory notes which, although there is nothing showing that they were issued to order, were subject to the mercantile law, for section 532 of the Code of Commerce provides that bills or promissory notes which are not payable to order shall be considered simple promises to pay, subject to the common law or the commercial law according to their nature, and, as has been stated, the said promissory notes having originated in commercial transactions, the actions arising therefrom were not subject to the common law but to the provisions of the Code of Commerce, which provides in section 950 that actions arising from drafts shall extinguish three years after they have fallen due. According to the fourth allegation of the complaint, the promissory notes serving as the basis of the action of the plaintiffs were due, one in April and the other in October, 1908, and there having elapsed more than three years from the date of maturity, there is no doubt that the action brought by the plaintiffs has prescribed. See the case of *J. Ochoa y Hermano* v. *Lanza,* 17 P. R. R. 398.

"For the foregoing reasons the court is of the opinion that the motion of nonsuit must be sustained, inasmuch as it appears from the allegations and the evidence introduced by the plaintiffs that the action brought is barred, and that no allegation or proof was

presented showing the interruption of the prescription. The court hereby dismisses the complaint and the plaintiffs must pay the costs."

Only one error is assigned, to wit, that the court erred in holding that the action is barred by limitation.

The case of *Ochoa Hermanos* v. *Lanza,* relied upon by the trial judge, is not in point. In that case this court simply held that promissory notes made payable to order are commercial instruments inasmuch as there is a presumption that they are such, in the absence of evidence to the contrary, and, according to the Code of Commerce, extinguish three years after they have fallen due, whether protested or not.

Upon the other hand, in *González* v. *Méndez et al.,* 8 P. R. R. 249, the first two paragraphs of the decision appealed from read as follows:

"1. By the instrument executed by Petrona Resto on behalf of her minor daughter, Petrona del Carmen González, the rights and actions of said minor in the Estate of Domingo González were assigned to the firm of González Méndez & Co., upon which the new purchasers modified the constitution of the partnership of González, Méndez & Co., for which reason the instrument embodied two contracts: One assigning all personal property, chattels and real property in the firm belonging to the minor by paternal inheritance, and another modifying the partnership.

"2. The said contract of assignment is not a commercial act under the provisions of the Code of Commerce, nor does it partake of the nature of such, as determined in the second article of the said law, because it does not reveal the purpose of traffic and business by means of evolutions tending to the profit produced by the continuous movement of commercial supply and demand."

From the syllabus of that case we quote the following paragraph:

"Articles 50, 234 and 297 of the Code of Commerce are not applicable to the contract referred to in the foregoing paragraph, since that contract is not a commercial instrument and constitutes in itself an act which is independent of the liquidation of the firm, which is consummated by the collecton of credits, payments of debts, and the transaction of pending business."

Among other facts stated in the case of *Salgado* v. *Villamil et al.,* 14 P. R. R. 437, are the following:

"This debt emanated from the purchase under deed No. 279, executed before Francisco Y. Náter, a notary of Manatí, on June 11, 1897, by Peregrino Villamil to Pilar Torrado, not only of the interest and rights which the deceased son of the vendrix, Ramón Fernández Torrado, known in this island by the name of Ramón Villamil y Torrado, had as a member of the commercial firm of Villamil y Hermano, which did business in Arecibo, but also of the rights and interests which pertained to him in this province, independently of said firm, which has passed under his will to his mother, the vendrix, Pilar Torrado.

"As a consequence of the foreging transactions, Peregrino Villamil executed seven notes in favor of Pilar Torrado or to her order, on June 11, 1897, the date of the foregoing deeds, one of them for 1,300 *pesos,* provincial money, said to be lost; five for 1,500 *pesos* each, and another for 1,000 *pesos,* payable on the dates mentioned above. These private documents set forth that the debt is derived from the purchase of hereditary interests and rights pertaining to Pilar Torrado as the universal successor of Ramón and Manuel Fernández y Torrado. Each of the said documents is signed by Peregrino Villamil, as the direct debtor, and by Ramón Torrado y Cardalda, as surety and principal, and they refer expressly to the deed executed on the same date."

Mr. Justice Figueras, in delivering the opinion of this court in that case, said:

"Second question. In the case of *Agustín Hernández* v. *José de los Santos Muñiz,* 10 P. R. R., p. 16, following the doctrine announced in recent decisions on the subject by the Supreme Court of Spain, we held that notes payable to order and their indorsements, must be considered as commercial acts in accordance with the provisions of article 2 of the Code of Commerce, because they are expressly defined in said code, the presumption existing, therefore, that they are derived from commercial transactions, in the absence of proof to the contrary.

"But in this case the notes derived from purchase and sale of hereditary actions and rights as stated in the text thereof, and were attached to the complaint, and, according to the public deed number 277 of July 11, 1897, their genuineness has not been attacked.

"The second paragraph of the second article of the Code of Commerce considers commercial transactions to be those enumerated in said code, and 'any others of a similar character.'

"Is the sale of hereditary rights and actions of a character similar to those therein enumerated? Not at all, because only those acts may be included in the question and be considered as commercial in which either in the purchase or in the sale the parties have the intention of profiting, and base their civil status on such transactions.

"This sound deduction, in view of the nature of commerce, appears in the code commented upon and annotated by the editors of the *Revista General de Legislación y Jurisprudencia,* founded by José Reus y García, in commenting on the second article.

"A purchase and sale of personal property for resale, either in the form purchased or in a different form, for the purpose of deriving profit in the resale, shall be considered a commercial transaction. (Art. 325.)

"It does not appear that the purchaser, Peregrino Villamil, sold the hereditary actions and rights which he had acquired either in the same or in any other form, but the most that can be conceded is that he sold very different things—that is to say, the aliquot part which the vender, Pilar Torrado, had in each of the effects of her trade by inheritance from her children.

"So that the presumption that the notes were derived from a commercial transaction is refuted by the evidence against it, consisting in the notes themselves, the deed of sale and the fact that no intention is observed of obtaining any profit, because the only intention discovered in the vendor and in the vendee, is to break their connections with the commercial firm of Villamil y Hermano, although other rights and actions independent of those relating to the firm were also the subject of the sale, and this is another reason in support of the affirmation that the notes are not derived from a commercial transacton."

The principle so announced must control and conclusively disposes of the case at bar.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.

*Reversed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Wolf concurred in the judgment.